UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SHERMOND ESTEEN                                            CIVIL ACTION

VERSUS                                                              NO. 13-5419

JAMES M. LEBLANC ET AL.                                 SECTION "R" (2)

## REPORT AND RECOMMENDATION

Plaintiff, Shermond Esteen, is a convicted prisoner currently incarcerated in the Rayburn Correctional Center ("Rayburn") in Angie, Louisiana.  He filed this complaint pro se and in forma pauperis pursuant to 42 U.S.C. § 1983 against Secretary of the Louisiana Department of Corrections ("DOC") James M. LeBlanc, Rayburn Warden Robert C. Tanner, Executive Staff Officer Beverly Kelly and Corrections Officers Lieutenant Anthony Odom, Lieutenant Eddie Stroud and Cadet Markkayla Taylor.  All claims against defendants LeBlanc, Tanner, Kelly, Stroud and Taylor have been dismissed.  All claims against Lt. Odom have also been dismissed, except for a single remaining claim under Section 1983 that Lt. Odom used unconstitutionally excessive force against Esteen on November 18, 2012.  Order, Record Doc. No. 27.

Lt. Odom filed a motion for summary judgment, arguing that plaintiff is barred from suing for excessive force under Section 1983 because Esteen did not exhaust the available administrative remedy procedure ("ARP") at Rayburn with respect to this claim.  Record Doc. No. 30.  Plaintiff filed an untimely memorandum in opposition to

the motion, Record Doc. No. 38,[1] which I have nevertheless considered,[2] together with his other written submissions in support of his claim, and his sworn testimony provided pursuant to Spears v. McCotter, 766 F.2d 179 (5th Cir. 1985), and its progeny, on October 15, 2013, Record Doc. No. 22, in opposition to defendant's motion.

Having considered the motion, the record and the applicable law, I recommend that defendant's motion be granted and that plaintiff's excessive force claim be dismissed without prejudice for failure to exhaust administrative remedies.

I.      THE UNDISPUTED FACTS

The following facts are accepted as undisputed, solely for purposes of the pending motion for summary judgment.  Lt. Odom has provided the affidavit of Cynthia Crain, who is employed by the DOC as an Administrative Assistant V and is the ARP Screening Officer at Rayburn.  As part of her job duties, Crain reviewed the offender database and the ARP and disciplinary appeal records.  Record Doc. No. 30-3.  Lt. Odom has also submitted certified copies of Esteen's prison disciplinary records.  Record Doc. No. 30-4.

---

[1]Esteen's memorandum was due no later than October 2, 2014.  Record Doc. No. 31.  In the pro se prisoner context, a "mailbox rule" applies, so that the date when prison officials receive the document from the inmate for delivery to the court is considered the time of filing for limitations purposes.  Brown v. Taylor, 569 F. App'x 212, 213 (5th Cir. 2014); United States v. Petty, 530 F.3d 361, 363 & n.1 (5th Cir. 2008); Stevenson v. Anderson, 139 F. App'x 603, 604 (5th Cir. 2005); Cooper v. Brookshire, 70 F.3d 377, 379 (5th Cir. 1995).  Esteen's memorandum was date-stamped by prison officials October 6, 2014, and postmarked the same day, Record Doc. No. 38 at p. 9, making it four days late.

[2]The court must "liberally construe briefs of pro se litigants and apply less stringent standards to parties proceeding pro se than to parties represented by counsel," Smith v. Lonestar Constr., Inc., 452 F. App'x 475, 476 (5th Cir. 2011) (quotation omitted); Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994), and I have done so in this case.

The ARP and disciplinary appeal records reflect the following facts as to plaintiff's use of those procedures at Rayburn.  Esteen has not provided any evidence to contradict any of the facts established by defendant's competent summary judgment evidence.

Plaintiff is sentenced to the custody of the DOC and has been incarcerated at Rayburn since September 24, 2007.  The ARP is used by inmates to complain about issues other than convictions for prison disciplinary offenses, for which they cannot use the ARP.  Inmates may appeal from convictions for prison disciplinary offenses.  That appeal process is different and separate from the ARP.

On November 18, 2012, Cadet Taylor charged Esteen with aggravated sex offenses–other prohibited sexual behavior, in violation of prison Rule 21F, based on his behavior towards her that day.  After a hearing, he was convicted of the charge.  Record Doc. No. 30-4 at pp. 6-9.  Esteen filed a disciplinary appeal regarding the conviction, which was assigned record number RCC-2012-426.  Id. at pp. 4-5.  On December 28, 2012, Warden Tanner upheld the conviction, but modified the sanction imposed.  Id. at pp. 2-3.  Esteen appealed to Secretary LeBlanc, who denied the appeal and upheld the conviction and modified sentence on February 6, 2013.  Id. at p. 10.  Record number RCC-2012-426 is not an ARP complaint.

Plaintiff's excessive force claim arises from Lt. Odom's handcuffing of Esteen on November 18, 2012, after Cadet Taylor reported the rule violation to Lt. Odom.  Plaintiff filed only two ARP complaints during his incarceration at Rayburn:  one in 2008 and

another on February 13, 2013, regarding the amount of good time credits he had received.  He never filed any ARP complaint regarding Lt. Odom, any use of excessive force during his incarceration at Rayburn or any incident of excessive force that occurred on or about November 18, 2012.

II.    ANALYSIS

A.    Summary Judgment Standards

"A party may move for summary judgment, identifying each claim or defense–or the part of each claim or defense–on which summary judgment is sought.  The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).

Rule 56, as revised effective December 1, 2010, establishes new procedures for supporting factual positions:

> (1)  A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
>> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.
>
> (2)  Objection That a Fact Is Not Supported by Admissible Evidence.  A party may object that the material cited to support or dispute a fact cannot be presented in a form that would be admissible in evidence.

(3)  Materials Not Cited.  The court need consider only the cited materials, but it may consider other materials in the record.

(4)  Affidavits or Declarations.  An affidavit or declaration used to support or oppose a motion must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated.

Fed. R. Civ. P. 56(c).

Thus, the moving party bears the initial burden of identifying those materials in the record that it believes demonstrate the absence of a genuinely disputed material fact, but it is not required to negate elements of the nonmoving party's case.  Capitol Indem. Corp. v. United States, 452 F.3d 428, 430 (5th Cir. 2006) (citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)).  "[A] party who does not have the trial burden of production may rely on a showing that a party who does have the trial burden cannot produce admissible evidence to carry its burden as to [a particular material] fact."  Advisory Committee Notes, at 261.

A fact is "material" if its resolution in favor of one party might affect the outcome of the action under governing law.  Anderson v. Liberty Lobby, 477 U.S. 242, 248 (1986).  No genuine dispute of material fact exists if a rational trier of fact could not find for the nonmoving party based on the evidence presented.  Nat'l Ass'n of Gov't Employees v. City Pub. Serv. Bd., 40 F.3d 698, 712 (5th Cir. 1994).

To withstand a properly supported motion, the nonmoving party who bears the burden of proof at trial must cite to particular evidence in the record to support the

essential elements of its claim.  Id. (citing Celotex, 477 U.S. at 321-23); accord U.S. ex rel. Patton v. Shaw Servs., L.L.C., 418 F. App'x 366, 371 (5th Cir. 2011).  "[A] complete failure of proof concerning an essential element of the nonmoving party's case renders all other facts immaterial."  Celotex, 477 U.S. at 323; accord U.S. ex rel. Patton, 418 F. App'x at 371.

"Factual controversies are construed in the light most favorable to the nonmovant, but only if both parties have introduced evidence showing that an actual controversy exists."  Edwards v. Your Credit, Inc., 148 F.3d 427, 432 (5th Cir. 1998); accord Murray v. Earle, 405 F.3d 278, 284 (5th Cir. 2005).  "We do not, however, in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts."  Badon v. R J R Nabisco Inc., 224 F.3d 382, 394 (5th Cir. 2000) (quotation omitted) (emphasis in original).  "Conclusory allegations unsupported by specific facts . . . will not prevent the award of summary judgment; 'the plaintiff [can]not rest on his allegations . . . to get to a jury without any "significant probative evidence tending to support the complaint."'"  Nat'l Ass'n of Gov't Employees, 40 F.3d at 713 (quoting Anderson, 477 U.S. at 249).

"Moreover, the nonmoving party's burden is not affected by the type of case; summary judgment is appropriate in any case where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant."  Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (quotation

omitted) (emphasis in original); <u>accord</u> <u>Duron v. Albertson's LLC</u>, 560 F.3d 288, 291 (5th Cir. 2009).

        B.    <u>Plaintiff Failed to Exhaust ARP as to his Section 1983 Claim</u>

Lt. Odom argues that Esteen failed to exhaust the available ARP at Rayburn as to plaintiff's excessive force claim, which federal law requires an inmate to do before he files suit under 42 U.S.C. § 1983. Esteen argues in his opposition that he exhausted his ARP by filing RCC-2012-426 and taking it through the final appeal step. He also argues that this court has previously characterized his excessive force claim as sounding in tort and that any dismissal of the tort claim should be without prejudice to allow him to re-file it in state court. Plaintiff's arguments are unavailing, except that his excessive force claim and any state law tort claim that he might be asserting should be dismissed without prejudice, so that he may refile it, when and where appropriate.

First, as to Esteen's excessive force claim brought under Section 1983, the undisputed, competent summary judgment evidence establishes that his disciplinary appeal RCC-2012-426 is <u>not</u> an ARP complaint. "The Louisiana Administrative Code provides to all prisoners in the Louisiana prison system a [three-step] procedure for filing ARP's." <u>Abbott v. Babin</u>, No. 14-30141, 2014 WL 4802742, at *2 (5th Cir. Sept. 29, 2014) (citing La. Admin. Code Title 22, pt. I, § 325 (2013)); <u>see also</u> La. Rev. Stat. § 15:1172 (implementing 22 La. Admin. Code. pt. I, § 325 for incarcerated offenders). A disciplinary appeal is different from an ARP and one cannot be substituted for the other.

See Richardson v. Spurlock, 260 F.3d 495, 499 (5th Cir. 2001) (A Louisiana inmate who incorrectly filed an ARP, rather than a disciplinary appeal, failed to exhaust available administrative remedies.).

Second, even if RCC-2012-426 were an ARP complaint (which it clearly is not), plaintiff's arguments in those documents do not mention any actions by Lt. Odom at all or any acts that could be construed as allegations of excessive force. Therefore, Esteen's excessive force claim should be dismissed without prejudice for failure to exhaust his available ARP.

Third, Esteen's complaint in this court plainly and repeatedly states that he brings his claims under 42 U.S.C. § 1983 for actions by defendants that allegedly violated the United States Constitution. Complaint, Record Doc. No. 1, at pp. 5, 7-10. Consistently with the allegations of his complaint, this court's prior orders have characterized Esteen's excessive force claim against Lt. Odom as brought under Section 1983, not Louisiana tort law.

Finally, to the extent that plaintiff's complaint might be construed to allege a state tort claim of battery against Lt. Odom under Louisiana law, the court should decline to exercise supplemental jurisdiction over that claim. The battery claim, if any, should also be dismissed without prejudice.

Case law from the United States Supreme Court and the Fifth Circuit establishes that the Prison Litigation Reform Act of 1996 ("PLRA"), 42 U.S.C. § 1997e, requires a

-8-

prisoner to complete an available ARP before filing suit under Section 1983, including claims of excessive force. Porter v. Nussle, 534 U.S. 516, 532 (2002).  Section 1997e(a) mandates pre-lawsuit exhaustion of administrative remedies, stating that "no action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined to any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."  42 U.S.C. § 1997e(a) (emphasis added).  The inmate grievance system in Louisiana's prisons is "available" for purposes of the statutory exhaustion requirement. Abbott, 2014 WL 4802742, at *2-3; Ferrington v. La. Dep't of Corr., 315 F.3d 529, 531-32 (5th Cir. 2002).

To properly exhaust ARP, "prisoners must complete the administrative review process in accordance with the applicable procedural rules, . . . rules that are defined not by the PLRA, but by the prison grievance process itself.  Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to 'properly exhaust.'" Jones v. Bock, 549 U.S. 199, 218 (2007) (quotation and citation omitted).

With particular significance to Esteen's case, in Clifford v. Gibbs, 298 F.3d 328, 329 (5th Cir. 2002), the Fifth Circuit reiterated the Supreme Court's finding in Porter that the "exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Id. (citing Porter, 534 U.S. at 992) (emphasis added).

In Gonzalez v. Seal, 702 F.3d 785, 788 (5th Cir. 2012), the Fifth Circuit made it absolutely clear that a prisoner must exhaust the ARP before filing his lawsuit. The court concluded that the decisions of the Supreme Court in Woodford v. Ngo, 548 U.S. 81 (2006), and Jones, 549 U.S. at 199, had "tacitly overruled" the Fifth Circuit's prior decision in Underwood v. Wilson, 151 F.3d 292 (5th Cir. 1998), that the "exhaustion requirement may, in certain rare instances, be excused." Gonzalez, 702 F.3d at 787 (quotation omitted). Therefore, pre-lawsuit filing ARP exhaustion is mandatory. "District courts have no discretion to excuse a prisoner's failure to properly exhaust the prison grievance process before filing their (sic) complaint . . . . Pre-filing exhaustion is mandatory, and the case must be dismissed if available administrative remedies were not exhausted." Id. at 788 (emphasis added).

Since Porter established that the ARP requirement applies to all conditions of confinement claims by inmates, including excessive force claims, the Fifth Circuit has repeatedly affirmed or ordered the dismissal of such claims by prisoners who have failed to exhaust their ARP. E.g., Ryan v. Phillips, 558 F. App'x 477, 478 (5th Cir. 2014); Gonzalez, 702 F.3d at 788; Schumacher v. Fannin Cnty., 258 F. App'x 710, 712 (5th Cir. 2007); Alexander v. Tippah Cnty., 351 F.3d 626, 629-30 (5th Cir. 2003).

The undisputed evidence establishes that Esteen never filed an ARP complaint regarding any use of excessive force by Lt. Odom or any other officer. Although defendant argues that the dismissal should be with prejudice because Esteen failed to

initiate the grievance process timely, numerous Fifth Circuit cases have either affirmed or ordered dismissal without prejudice in similar circumstances.  See Abbott, 2014 WL 4802742, at *3 (quoting La. Admin. Code title 22, pt. I, § 325G(1)) ("We also note that compliance with the 90-day filing requirement 'may be waived when circumstances warrant.'").  Accordingly, defendant's motion for summary judgment should be granted and plaintiff's Section 1983 claim of excessive force against Lt. Odom should be dismissed without prejudice to re-filing after exhausting his administrative remedies.  Id.; Johnson v. Bernstein, 547 F. App'x 412, 414 (5th Cir. 2013).

      C.    Plaintiff's State Law Battery Claim, If Any

Esteen argues in opposition to defendant's summary judgment motion that the court has characterized his sole remaining claim as a tort claim under state law, which should be dismissed without prejudice, if the court decides to dismiss it.  Although the court has not previously characterized plaintiff's excessive force claim as a state law tort, Esteen's complaint might be broadly construed as asserting a civil claim of battery against Lt. Odom.  See Complaint, Record Doc. No. 1 at p. 8 (After asserting that he was "subjected to cruel and unusual punishment in the form of aggression and unnecessary force" in violation of the Eighth Amendment, plaintiff states that these actions "also amount to a battery under state law."); id. at p. 9 (seeking declaratory judgment that he "was subjected to cruel and unusual punishment in the form of criminal battery and excessive force").  Such a claim would be brought under the court's supplemental

jurisdiction.  "[T]he district courts shall have supplemental jurisdiction over all other

claims that are so related to claims in the action within such original jurisdiction that they

form part of the same case or controversy."  28 U.S.C. § 1367(a).

To the extent that plaintiff's complaint may assert a state law battery claim, the

claim should also be dismissed without prejudice.  Although defendant's motion did not

seek dismissal of this possible claim, Esteen himself raised the issue in his opposition

memorandum.  Fed. R. Civ. P. 56 "requires a court, under the proper conditions, to grant

relief to that party which is entitled to such even if it has not been demanded."  Am.

Home Assur. Co. v. United Space Alliance, LLC, 378 F.3d 482, 486 (5th Cir. 2004)

(citations omitted).

> In addition,
>
> > a district court may dismiss a claim on its own motion as long as the
> > procedure employed is fair.  [O]ur prior case law has suggested that
> > fairness in this context requires both notice of the court's intention and an
> > opportunity to respond. . . .FN1
> >
> > FN1. We have recognized exceptions to this rule when: (1) the
> > dismissal was without prejudice . . . or (2) the party has had the opportunity
> > to allege its best case . . . .

Davoodi v. Austin Indep. Sch. Dist., 755 F.3d 307, 310 & n.1 (5th Cir. 2014) (citing

Bazrowx v. Scott, 136 F.3d 1053, 1054 (5th Cir. 1998); Jacquez v. Procunier, 801 F.2d

789, 792-93 (5th Cir. 1986)) (quotations and additional citations omitted) (emphasis

added); accord Peters v. Tex. Ct. of Crim. Appeals, 547 F. App'x 557, 558 (5th Cir.

2013); Lerma v. Falks, 338 F. App'x 472, 474-75 (5th Cir. 2009).  Therefore, in the

circumstances of the instant case, the court may dismiss plaintiff's state law battery claim, if any, with<u>out</u> prejudice.

The court "may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction."  28 U.S.C. § 1367(c)(3).  The court's determination whether to exercise supplemental jurisdiction is guided by "both the statutory provisions of 28 U.S.C. § 1367(c) and the balance of the relevant factors of judicial economy, convenience, fairness, and comity that the Supreme Court outlined in <u>Carnegie-Mellon University v. Cohill</u>, 484 U.S. 343, 350-51 (1988), and <u>United Mine Workers v. Gibbs</u>, 383 U.S. 715, 726 (1966)."  <u>Batiste v. Island Records, Inc.</u>, 179 F.3d 217, 227 (5th Cir. 1999); <u>accord Brookshire Bros. Holding, Inc. v. Dayco Prods., Inc.</u>, 554 F.3d 595, 602 (5th Cir. 2009).

The statutory considerations are whether

(1) the claim raises a novel or complex issue of State law,
(2) the claim substantially predominates over the claim or claims over which the district court has original jurisdiction,
(3) the district court has dismissed all claims over which it has original jurisdiction, or
(4) in exceptional circumstances, there are other compelling reasons for declining jurisdiction.

28 U.S.C. § 1367(c).

Although the Fifth Circuit's

"general rule" is to decline to exercise jurisdiction over pendent state law claims when all federal claims are dismissed or otherwise eliminated from a case prior to trial, this rule is neither mandatory nor absolute.  Thus, while

the district court's dismissal of the [plaintiff's] federal claims provides a powerful reason to choose not to continue to exercise jurisdiction, no single factor is dispositive in this analysis.

Batiste, 179 F.3d at 227 (quotations and citations omitted); accord Brookshire Bros., 554 F.3d at 602.   The district court must make its decision "in light of the specific circumstances of the case at bar," id. (citation omitted), and must "balance each of the statutory factors in order to determine whether" to retain jurisdiction.   Enochs v. Lampasas Cnty., 641 F.3d 155, 159 (5th Cir. 2011).

> The Fifth Circuit's
>
> case law is clear that when a district court declines to exercise jurisdiction over remaining state law claims following the dismissal of all federal-law claims and remands a suit after investing a significant amount of judicial resources in the litigation analogous to that invested by the district court in this case [during more than 3 years of litigation, the court had decided 41 dispositive motions, 14 Daubert motions and 7 other motions in limine; discovery was closed; and the parties were making final preparations for their fourth trial setting], that court has abused its discretion under 28 U.S.C. § 1367.

Brookshire Bros., 554 F.3d at 602.

In the instant case, all of plaintiff's federal claims have been dismissed.   The factors of judicial economy, convenience, fairness and comity weigh in favor of declining supplemental jurisdiction over his state law claim of battery, if any.   First, as noted, no federal claims remain in the case.   Second, comity favors dismissing the state law claim and letting the state court handle it because of Louisiana's interest in adjudicating the claims of its citizens brought under its laws.   Third, because the state law claim has not

been addressed at all in this court and this court is not particularly familiar with it, judicial economy does not weigh in favor of maintaining jurisdiction. Unlike the district court in <u>Brookshire</u>, this court has not invested a significant amount of resources in terms of motion practice, discovery or otherwise that might justify the continued exercise of its limited jurisdiction over the remaining state law claim, if any. Finally, fairness and convenience are equal whether the battery claim is brought in state or federal court.

"Unadjudicated pendant [sic] state law claims must be dismissed without prejudice to allow the plaintiff to refile in state court when a district court dismisses the federal claims serving as the basis for its jurisdiction and elects not to exercise supplemental jurisdiction over the state law claims." <u>Brown v. Miss. Valley State Univ.</u>, 311 F.3d 328, 334 n.6 (5th Cir. 2002) (citing <u>Bass v. Parkwood Hosp.</u>, 180 F.3d 234, 246 (5th Cir. 1999)); <u>accord</u> <u>Sprague v. Dep't of Family & Protective Servs.</u>, 547 F. App'x 507, 509 (5th Cir. 2013), <u>cert. denied</u>, 134 S. Ct. 1339 (2014).

Accordingly, this court should decline supplemental jurisdiction over plaintiff's state law battery claim, if any, which should be dismissed without prejudice.

### RECOMMENDATION

For all of the foregoing reasons, **IT IS RECOMMENDED** that defendant's motion for summary judgment, Record Doc. No. 21, be **GRANTED** and that plaintiff's claims against Lt. Odom of excessive force under Section 1983 and battery under Louisiana state law, if any, be **DISMISSED WITHOUT PREJUDICE**.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[3]

New Orleans, Louisiana, this _____17th_____ day of October, 2014.

_____
JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

---

[2] Douglass referred to the previously applicable ten-day period for the filing of objections.  Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.