UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

SHERMOND ESTEEN                                              CIVIL ACTION

VERSUS                                                       NO. 13-5419

JAMES M. LEBLANC ET AL.                                      SECTION "R" (2)

### ORDER AND REASONS ON MOTION

Plaintiff's letter to the court, Record Doc. No. 36, has been construed as a motion to amend his pleadings to assert a jury demand.  Pursuant to my previous order, Record Doc. No. 37, the deadline for filing written opposition, if any, to plaintiff's motion was October 21, 2014.  No memorandum in opposition to the motion has been received. Accordingly, this motion is deemed to be unopposed. Although a report and recommendation that the case be dismissed with<u>out</u> prejudice has recently been issued, Record Doc. No. 39, I am nevertheless addressing this matter in the event the recommendation is not accepted and further proceedings are then required.  It appearing to the court that the motion has merit, **IT IS ORDERED** that the motion is GRANTED for the following reasons.

The policy of the Federal Rules of Civil Procedure is liberal in favor of permitting amendment of pleadings, and Rule 15(a) evinces a bias in favor of granting leave to amend. Unless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial.  Stripling v. Jordan Prod. Co., 234 F.3d 863, 872 (5th Cir. 2000) (citing Foman v. Davis, 371 U.S. 178, 182 (1962); Leffall v. Dallas Indep. Sch. Dist., 28 F.3d 521, 524 (5th Cir. 1994); Martin's Herend Imports, Inc. v. Diamond &

Gem Trading U.S. Am. Co., 195 F.3d 765, 770 (5th Cir. 1999); Dussouy v. Gulf Coast Inv. Corp., 660 F.2d 594, 597-98 (5th Cir. 1981)). Thus, "[t]he court should freely give leave when justice so requires," Fed. R. Civ. P. 15(a)(2), but such leave "is by no means automatic." Wimm v. Jack Eckerd Corp., 3 F.3d 137, 139 (5th Cir. 1993) (quotation omitted). Relevant factors to consider include "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party, and futility of amendment." Id.

However, plaintiff's motion is governed additionally by Fed. R. Civ. P. 38, which provides that a demand for jury trial must be asserted no later than 14 days after service of the last pleading directed to any issue triable by jury, and that failure to do so constitutes a waiver by the party of trial by jury. Fed. R. Civ. P. 38(b)(1), (d). However, Rule 39(b) states:

> Issues on which a jury trial is not properly demanded are to be tried by the court. But the court may, on motion, order a jury trial on any issue for which a jury trial might have been demanded.

(emphasis added).

As to the request to add a jury demand in this case, I follow the guidance provided by now Chief Judge Vance in White v. Pride Offshore, Inc., No. 98-2561, 1999 WL 58842, at *1-2 (E.D. La. Feb. 3, 1999), applying controlling Fifth Circuit precedent. In White, Judge Vance recognized "that 'a court should grant a jury trial in the absence of strong and compelling reasons to the contrary.'" Id. at *1 (quoting Swofford v. B & W, Inc., 336 F.2d 406, 409 (5th Cir. 1964)) (citing Farias v. Bexar County, 925 F.2d 866, 873 (5th Cir. 1991);

2

Daniel Int'l Corp. v.. Fischbach & Moore, Inc., 916 F.2d 1061, 1064 (5th Cir. 1990)). "A motion for trial by jury under [Rule 39(b)] should be favorably received unless there are persuasive reasons to deny it." Daniel Int'l Corp., 916 F.2d at 1064 (quotation omitted).

This is so because the Seventh Amendment confers a fundamental civil right. Id. "[W]e must be mindful that maintenance of the jury as a fact-finding body is of such importance and occupies so firm a place in our history and jurisprudence that any seeming curtailment of the right to a jury trial should be scrutinized with the utmost care. . . . Thus, courts should indulge every reasonable presumption against waiver." McDonald v. J. Steward, 132 F.3d 225, 229 (5th Cir. 1998) (internal quotations omitted).

In Daniel Int'l Corp., the Fifth Circuit identified five factors that district courts should consider in the exercise of discretion under Rule 39(b):

> (1) whether the case involves issues which are best tried to a jury;
> (2) whether granting the motion would result in a disruption of the court's schedule or that of an adverse party;
> (3) the degree of prejudice to the adverse party;
> (4) the length of the delay in having requested a jury trial; and
> (5) the reason for the movant's tardiness in requesting a jury trial.

Daniel Int'l Corp., 916 F.2d at 1064 (citation omitted).

Weighing the five Daniel factors and the Rule 15 factors concerning amendment, I find on balance that plaintiff's amendment to assert a jury demand should be permitted. In his motion, Esteen offers no explanation for his failure to request a jury trial within the

Rule 38 time period.  Thus, this factor weighs <u>against</u> permitting the amendment.  I find, however, that the remaining factors weigh in favor of permitting it.

No prejudice befalls defendant if the motion to amend is granted.  Defendant has ample time to make any changes to its trial preparation and presentation before the scheduled April 9, 2015 trial date, if trial remains necessary after the pending report and recommendation is addressed.  The claims involved in this Section 1983 case are ordinarily and routinely determined by juries in this court.  The current trial date is more than six months in the future, so that permitting the amendment should neither disrupt the court's schedule nor prejudice any other party in its discovery, motion practice or trial preparation.  The length of plaintiff's delay in requesting a jury has <u>not</u> been great.  Unlike in <u>Farias</u>, where plaintiff was represented by counsel, 925 F.2d at 878, plaintiff is a prisoner who filed this complaint pro se and could not be expected to have been aware of the provisions of Rule 38 concerning the requirement affirmatively to demand a jury trial within a short time period.  Under these circumstances, I cannot find that undue delay, dilatory motive or bad faith are involved in the filing of the motion.  It does not appear that undue prejudice to the opposing party in its ability to prepare defenses would result from allowing the amendment, since ample preparation time remains before trial.  No previous amendments have been granted.  Finally, the amendment is in no way futile.

In light of the importance of trial by jury in our court system, "[a]lthough plaintiff has not explained his untimeliness . . . the Court finds it proper to exercise its discretion and to grant plaintiff a jury trial."  <u>Dowlearn v. Baker Oil Tools, Inc.</u>, No. 97-2787, 1997 WL

795702, at *1 (E.D. La. Dec. 29, 1997) (Vance, J.); see also White, 1999 WL 58842, at *2 (grant of leave to file amended complaint was "within [magistrate judge's] judicial discretion.").

For all the foregoing reasons, plaintiff's motion is GRANTED. The Clerk is directed to note plaintiff's jury demand on the docket sheet pursuant to Fed. R. Civ. P. 39(a).

New Orleans, Louisiana, this ___27th___ day of October, 2014.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE